# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# DIVISION

| | |
|---|---|
| TEXAS MUTUAL INSURANCE COMPANY, § § § Plaintiff § § v. § § KINSALE INSURANCE DCOMPANY, § § Defendant § | Case No. 1:19-CV-529-LY |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE LEE YEAKEL**
**UNITED STATES DISTRICT JUDGE**

Before this Court are Kinsale's Opposed Motion for Leave to File Amended Answer to Assert Counterclaim, *Instanter*, filed August 6, 2019 (Dkt. No. 16); Plaintiff's Opposed Motion to Dismiss, filed August 13, 2019 (Dkt. No. 18); and the Response and Reply Briefs. On September 10, 2019, the District Court referred the above motions to the undersigned Magistrate Judge for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

## I. BACKGROUND

Plaintiff Texas Mutual Insurance Company ("Texas Mutual") issued a Texas workers' compensation and employers' liability insurance policy to Quality South Texas Trucking, Inc. ("Quality Trucking"), with a policy period from August 18, 2017 to August 19, 2018 ("Texas Mutual Policy"). Defendant Kinsale Insurance Company ("Kinsale") issued a commercial general liability insurance policy to Quality Trucking, with a policy period from August 18, 2017 to August

18, 2018 ("Kinsale Policy"). Both Parties contend that they have no duty to defend in an underlying state negligence lawsuit.

### A. The Underlying Lawsuit

In October 2017, SM Energy Company and Trinidad Drilling hired Quality Trucking to move a large drilling rig from Catarina, Texas, to a nearby location. Quality Trucking hired Steven Martinez to help move the drilling rig. On November 3, 2017, during the drilling rig move, Mr. Martinez was seriously injured when his right leg was crushed by a crane operated by Fred Gonzalez, the owner of Quality Trucking. Mr. Martinez underwent five major surgeries, and ultimately had to have his right leg amputated.

On January 26, 2018, Mr. Martinez and his wife, Bertha Martinez, individually and as next friends of their children (the "Martinez Plaintiffs"), filed their first negligence lawsuit against Quality Trucking, Trinidad Drilling, SM Energy Company, and Fred Gonzalez. *See Martinez v. Trinidad Drilling*, No. 18-01-1335-DCVAJA (365th Dist. Ct. Dimmit County, Tex. Jan. 26, 2018).

Once notified of the underlying lawsuit, Texas Mutual informed Quality Trucking that it had no duty to defend Quality Trucking in the lawsuit because the Texas Mutual Policy "covers only bodily injury arising out of and in the course of an injured employee's employment by the insured." Dkt. No. 1-1 at ¶ 11. Because Mr. Martinez had not alleged that he was an employee of Quality Trucking, Texas Mutual took the position that there was no coverage under the Policy. When Quality Trucking informed Texas Mutual that Kinsale had also denied coverage under the Kinsale Policy, however, Texas Mutual agreed to defend Quality Trucking and Mr. Gonzalez in the lawsuit "with gratuitous defenses as business courtesy." *Id.* at ¶ 12.

Subsequently, Texas Mutual notified Kinsale that Kinsale had the sole duty to defend Quality Trucking in the lawsuit because the Martinez Plaintiffs sought damages for bodily injuries and

Mr. Martinez was not an employee of Quality Trucking. Kinsale denied it had a duty to defend the lawsuit, contending that Texas Mutual was under a duty to defend.

The Martinez Plaintiffs eventually non-suited their first state court action and, on June 14, 2018, re-filed the case in Webb County. *See Martinez v. Trinidad Drilling*, No. 001195-D3 (341st Dist. Ct. Webb County, Tex. June 14, 2018) ("Underlying Lawsuit"). Mr. Martinez specifically alleged in the Underlying Lawsuit that he was hired as "an independent contract driver," and that he "was not an employee of [Quality Trucking and Mr. Gonzalez] at the time he sustained his injuries." Dkt. No. 1-1 at Exh. D, p. 3.

On January 15, 2019, Texas Mutual again contacted Kinsale and requested that Kinsale defend Quality Trucking in the Underlying Lawsuit. Again, Kinsale took the position that it had no duty to defend because Quality Trucking was covered under the Texas Mutual Policy. *Id.* at Exh. C.

### B. The Instant Lawsuit

On April 17, 2019, Texas Mutual filed the instant lawsuit against Kinsale in state court, seeking a declaratory judgment under the Texas Uniform Declaratory Judgment Act that "it has no duty to defend" and that Kinsale does have a duty to defend Quality Trucking in the Underlying Lawsuit. *See Texas Mutual Ins. Co. v. Kinsale Ins. Co.*, No. D-1-GN-19-002114 (126th Dist. Ct. Travis County, Tex. Apr. 17, 2019). Texas Mutual contends that the Kinsale Policy does not exclude independent contractors from coverage, and Kinsale thus has a duty to defend.

On May 16, 2019, Kinsale removed this case to federal court on the basis of diversity jurisdiction under 28 U.S.C. § 1441. *See* Dkt. No. 1. Shortly after this case was removed to federal court, the Texas Department of Insurance, Division of Workers' Compensation ("DWC"), issued a decision finding that Mr. Martinez *was not* an employee of Quality Trucking. Accordingly,

Kinsale now has assumed its defense of the Underlying Lawsuit, pursuant to a reservation of rights letter. Accordingly, Texas Mutual has withdrawn its gratuitous defense in the Underlying Lawsuit.

Nevertheless, on August 6, 2019, Kinsale filed its Motion for Leave to file an Amended Answer in order to assert counterclaims against Texas Mutual, pursuant to Federal Rules of Civil Procedure 13 and 15(a)(2). Kinsale claims that it has no duty to defend Quality Trucking because Texas Mutual "voluntarily paid worker's compensation benefits to Steven Martinez for his employment related injuries," and thus Texas Mutual's claims are barred under the doctrines of waiver and estoppel. *See* Dkt. No. 16 at p. 4. Kinsale also argues that coverage is barred under various exclusions from the Policy, including exclusions and endorsements relating to independent contractors, the duty to defend, employer liability, workers' compensation, and medical payments. Kinsale seeks to file a counterclaim for declaratory relief under 28 U.S.C. § 2201 against Texas Mutual "to establish that there is no coverage under a commercial general liability and commercial excess liability policies that Kinsale issued to [Quality Trucking] for workplace injuries Steven Martinez allegedly sustained while working as an independent contractor for [Quality Trucking]." Dkt. No. 16 at p. 6.

In response, Texas Mutual argues that "Kinsale's assumption of the defense, and Texas Mutual's withdrawal, has mooted the case asserted by Texas Mutual and renders this case non-justiciable." Dkt. No. 18 at p. 3. Texas Mutual contends that there is no longer a case or controversy regarding its duty to defend because it has already withdrawn from the defense in the Underlying Lawsuit. Accordingly, Texas Mutual moves to dismiss this case without prejudice under Federal Rule of Civil Procedure 41(a)(2).

## II. LEGAL STANDARD

A plaintiff may unilaterally dismiss his action without prejudice by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment. FED. R. CIV.

P. 41(a)(1)(A)(i). If the defendant has filed a motion for summary judgment or an answer, as in this case, however, Rule 41(a)(2) permits dismissal at the plaintiff's request "only by court order, on terms that the court considers proper." *Id.* at Rule 41(a)(2). "Voluntary dismissal under Rule 41(a)(2) is a matter within the sound discretion of the district court, and the district court's decision on this issue is reviewed only for abuse of discretion." *Templeton v. Nedlloyd Lines*, 901 F.2d 1273, 1274-75 (5th Cir. 1990); *see also Welsh v. Correct Care, L.L.C.*, 915 F.3d 341, 343 (5th Cir. 2019).

The Fifth Circuit has explained that, "as a general rule, motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002). And the mere fact that the plaintiff "may gain a tactical advantage by dismissing its suit without prejudice and refiling in another forum is not sufficient legal prejudice." *Bechuck v. Home Depot U.S.A., Inc.*, 814 F.3d 287, 299 (5th Cir. 2016) (internal quotation omitted). The "purpose of the grant of discretion under Rule 41(a)(2) . . . is primarily to prevent voluntary dismissals which unfairly affect the other side[.]" 9 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2364 (3d ed. 2018) (internal quotation omitted). Absent such a showing or other "evidence of abuse by the movant," the motion should be granted. *Elbaor*, 279 F.3d at 317.

### III. ANALYSIS

As noted, Texas Mutual filed this lawsuit in state court seeking a declaratory judgment under the Texas Uniform Declaratory Judgment Act that it has no duty to defend and Kinsale does have a duty to defend in the Underlying Lawsuit. When a Texas Declaratory Judgment Act ("DJA") suit is removed to federal court, it is treated as though it had been originally filed under the Federal DJA. *Edionwe v. Bailey*, 860 F.3d 287, 294 n.2 (5th Cir. 2017), *cert. denied*, 138 S. Ct. 687 (2018);

*see also Wells Fargo Bank, N.A. v. American Gen. Life Ins. Co.*, 670 F. Supp. 2d 555, 565 (N.D. Tex. 2009) ("Because the Texas [DJA] is procedural in nature, it does not govern a declaratory-judgment action in federal court."). Texas Mutual argues that this Court lacks jurisdiction to issue a declaratory judgment in this case because there is no longer a case or controversy between it and Kinsale. The Court agrees.

Federal courts lack subject matter jurisdiction to issue a declaratory judgment unless an "actual controversy" exists between the parties. 28 U.S.C. § 2201(a). "It has been said that the case or controversy requirement of Article III of the United States Constitution is identical to the actual controversy requirement under the Declaratory Judgment Act." *State of Tex. v. West Pub. Co.*, 882 F.2d 171, 175 (5th Cir. 1989). "In order to demonstrate that a case or controversy exists to meet the Article III standing requirement when a plaintiff is seeking injunctive or declaratory relief, a plaintiff must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future." *Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003). In other words, "[a] claim for declaratory judgment seeks to define the legal rights and obligations of the parties in anticipation of some future conduct, not to proclaim liability for a past act." *Haggard v. Bank of the Ozarks, Inc.*, 547 F. App'x 616, 620 (5th Cir. 2013). Accordingly, a request for declaratory relief "can be mooted by subsequent developments." *Id.* "An action becomes moot when 'the issues presented are no longer 'live' or the parties lack a legal cognizable interest in the outcome.'" *Fla. Bd. of Bus. Regulation v. N.L.R.B.*, 605 F.2d 916, 918 (5th Cir. 1979) (quoting *Flast v. Cohen*, 392 U.S. 83, 95 (1968)). This is the situation in the case at bar.

Because Kinsale has assumed the defense in the Underlying Lawsuit and Texas Mutual has withdrawn from the case, Texas Mutual's request for declaratory relief is now moot because it has received all the relief sought in this case. *See Haggard*, 547 F. App'x at 620 (finding that plaintiff's

claim for declaratory relief had been rendered moot where it obtained the relief it sought). This Court does not have jurisdiction to issue an advisory opinion on a matter that is no longer a live case or controversy between the parties. *See St. Pierre v. United States*, 319 U.S. 41, 42 (1943) ("A federal court is without power to decide moot questions or to give advisory opinions which cannot affect the rights of the litigants in the case before it.").

The Court also finds that Kinsale no longer has an adverse legal interest against Texas Mutual in this case. Although Kinsale's proposed amended answer seeks to assert counterclaims against Texas Mutual, those proposed counterclaims are all directed toward Quality Trucking, not Texas Mutual. For example, Kinsale's proposed amended answer states: "This is an action for declaratory relief under 28 U.S.C. § 2201 to establish that there is no coverage under a commercial general liability and commercial excess liability policies that Kinsale issued to Quality South Texas Trucking, Inc. [ ] for workplace injuries Steven Martinez allegedly sustained while working as an independent contractor for Quality [Trucking]." Dkt. No. 16 at p. 6. In addition, the proposed amended answer and counterclaims focus solely on the *Kinsale Policy*, and why Kinsale has no duty to defend under the *Kinsale Policy*. Thus, Kinsale does not have an actual controversy with Texas Mutual, but rather with Quality Trucking. Kinsale concedes as much in its Response brief when it states: "Kinsale's counterclaim presents a justiciable controversy regarding coverage for Martinez's underlying tort lawsuit *against Quality [Trucking]* . . . In particular, Kinsale seeks a declaration that there is no coverage because the Limitation—Independent Contractors endorsement bars coverage for bodily injury to Quality [Trucking]'s independent contractors." Dkt. No. 22 at p. 3-4 (emphasis added). Accordingly, Kinsale's dispute is with Quality Trucking, not Texas Mutual.

7

Kinsale argues in its Response that there is an actual controversy with Texas Mutual "because Texas Mutual *may* assert a claim against Kinsale for reimbursement of defense costs and medical payments it made prior to withdrawing its defense of Quality [Trucking]." *Id.* at p. 4 (emphasis added). Texas Mutual, however, has not asserted such claims in this case and, therefore, Kinsale's argument is merely speculative. "Ripeness separates those matters that are premature because the injury is speculative and may never occur from those that are appropriate for judicial review." *United Transp. Union v. Foster*, 205 F.3d 851, 857 (5th Cir. 2000). A declaratory action must be ripe to be justiciable. *Shields v. Norton*, 289 F.3d 832, 835 (5th Cir. 2002). Because Kinsale relies only on speculative, unripe potential claims in this case, it has failed to show that any justiciable issues remain. Accordingly, this Court lacks subject matter jurisdiction to issue a declaratory judgment.

Because the Court finds that it lacks jurisdiction over this case, Texas Mutual's Motion to Dismiss should be granted. The Court further finds that dismissal of this case under Rule 41(a)(2) will not unfairly prejudice Kinsale. *See Elbaor*, 279 F.3d at 317 (stating that "motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit").

## IV. RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that the District Court **GRANT** Plaintiff's Opposed Motion to Dismiss (Dkt. No. 18) and **DISMISS** this lawsuit without prejudice under Federal Rule of Civil Procedure 41(a)(2). The Court **FURTHER RECOMMENDS** that the District Court **DENY** Kinsale's Opposed Motion for Leave to File Amended Answer to Assert Counterclaim (Dkt. No. 16).

**IT IS FURTHER ORDERED** that this case be removed from the Magistrate Court's docket and returned to the docket of the Honorable Lee Yeakel.

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on November 20, 2019.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE